IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIS F. GALLEGOS,

    Plaintiff,

vs.                                                                            Civ. No. 01-1253 JP/WWD (ACE)

GARY JOHNSON, Governor, State of
New Mexico, in his individual capacity;
T. GLENN ELLINGTON, Secretary,
New Mexico Taxation and Revenue
Department, in his individual capacity;
GORDON EDEN, Director, New Mexico
Taxation and Revenue Department, Motor
Vehicle Division, in his individual capacity;
MICHAEL BLEA, Investigator, New Mexico
Taxation and Revenue Department, in his
individual capacity; and
JACQUELINE "JACKIE" TORREZ, Manager,
Santa Fe Field Services Office, Motor Vehicle
Division, New Mexico Taxation and Revenue
Department, in her individual capacity.

    Defendants.

## MEMORANDUM OPINION AND ORDER

On January 10, 2002, the Plaintiff filed a Motion and Memorandum for a Temporary Restraining Order and Preliminary Injunction (Doc. No.22). The Plaintiff's motion for a temporary restraining order (TRO) is limited to his claim that NMSA 1978, §66-5-30 (1978) is facially invalid because it provides for the deprivation of driving privileges without benefit of a pre-deprivation hearing. On January 22, 2002, I held a hearing on the Plaintiff's motion for a TRO. Dennis Montoya represented the Plaintiff at the hearing and Mark Komer represented the Defendants. The Plaintiff and Defendant Blea were also present at the hearing. Both the Plaintiff and Defendant Blea testified.

The district court may grant a temporary restraining order or a preliminary injunction if the moving party shows: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass n, Inc. v. Kansas Dep t of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993); *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)). "Because a [TRO or] preliminary injunction is an extraordinary remedy . . . the right to relief must be clear and unequivocal." *Kansas Health Care*, 31 F.3d at 1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

For the reasons stated on the record at the January 22, 2002 hearing, I find that the Plaintiff has failed to show the following: 1) that he has a substantial likelihood of prevailing on the merits; 2) that he would be irreparably harmed in the absence of a TRO; 3) that the threatened harm outweighs any damage the injunction may cause to the Defendants; and 4) that a TRO will not be adverse to the public interest. Since the Plaintiff has not shown that he has a clear and unequivocal right to the extraordinary relief a TRO provides, I will deny his motion for a TRO.

IT IS ORDERED that Plaintiff's Motion and Memorandum for a Temporary Restraining Order and Preliminary Injunction (Doc. No.22) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE